NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1385

COMMONWEALTH

vs.

ROBERT PERARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in March 2019, the defendant, Robert Perard, was convicted of armed and masked robbery and assault and battery with a dangerous weapon against a person over the age of sixty.  Then, in 2022, after the defendant's convictions were affirmed by this court on direct appeal,[1] the defendant learned, and communicated to the Commonwealth, that one of the jurors failed to disclose on her jury questionnaire certain information about her employment history.[2]  The Commonwealth notified the Superior Court.  After hearings on June 16 and July

---

[1] See Commonwealth v. Perard, 100 Mass. App. Ct. 1104 (2021).

[2] The content of that jury questionnaire is impounded and will not be repeated here where it is known to the parties.

18, the trial judge took the testimony of the juror over the course of two nonconsecutive days in August 2022, pursuant to Commonwealth v. Fidler, 377 Mass. 192, 202-203 (1979), regarding her potential bias and concealment of material information during jury selection. In advance of the Fidler hearing, defense counsel submitted a memorandum of law and a list of 131 questions, some of which the judge and defense counsel asked the juror during the hearing. In February 2023, the defendant requested an evidentiary hearing and moved for a new trial on the basis that he was denied an impartial jury. In September 2023, the trial judge held a nonevidentiary hearing, and in October 2023, the trial judge denied the defendant's motion. We affirm.

Discussion. The defendant asserts that he is entitled to a new trial on the basis that he was denied his constitutional right to an impartial jury due to purportedly dishonest answers provided by the juror during voir dire and on her juror questionnaire. See Commonwealth v. Andrade, 468 Mass. 543, 547 (2014) (recognizing right to impartial jury protected by art. 12 of Massachusetts Declaration of Rights, as well as Sixth Amendment). The Supreme Judicial Court's recent decision in Commonwealth v. Mitchell, 496 Mass. 66, 74 (2025), which the parties did not have the benefit of, instructs us that the defendant's claim should be evaluated by the framework set forth

in Commonwealth v. Amirault, 399 Mass. 617, 624-625 (1987).[3] "Under the Amirault standard, we first examine whether a juror dishonestly answered a material question on voir dire" (quotation and citation omitted). Mitchell, supra at 74-75. "An answer is dishonest if the juror knowingly gave an inaccurate answer -- that is, if the juror was aware that her answer was false when she gave it." Id. at 75. "If the juror's answer to a material question was dishonest, the defendant must then demonstrate, by a preponderance of the evidence, that the juror was not impartial -- i.e., that the juror was biased." Id. "A defendant may do so by demonstrating that the juror did, in fact, harbor actual bias against him, or by demonstrating that the surrounding factual circumstances are otherwise so extreme that the juror's bias can be presumed as a matter of law." Id. "Bias will be presumed only in exceptional circumstances, based on the unique facts of a case . . ." (quotation and citation omitted). Id.

"On appeal from the denial of a motion for a new trial premised on a claim of juror dishonesty, our general standard of review is for an abuse of discretion." Mitchell, 496 Mass. at 76. "However, because the Amirault test implicates a juror's

---

[3] The parties agreed at oral argument that Mitchell, which was pending in the Supreme Judicial Court at the time, would be dispositive of the defendant's claim. As a result, the defendant's appeal was stayed pending the Mitchell decision.

3

subjective motives and biases, a judge's ruling normally involves an evaluation of the juror's credibility -- a question of fact that is heavily dependent on assessing the juror's demeanor."  Id.  "The motion judge's determination in that regard, based on a posttrial examination of the juror in question, is thus entitled to substantial deference, particularly where the judge also presided over the trial."  Id.  "Accordingly, this court will not disturb a trial judge's findings that a juror is unbiased in such circumstances 'absent a showing that the judge's conclusion was clearly erroneous.'"  Id., quoting Commonwealth v. McCowen, 458 Mass. 461, 493-494 (2010).

Here, during the jury voir dire, the judge, inter alia, inquired of the venire a particular question about their employment histories.  The juror did not raise her card to indicate an affirmative response.  The juror checked the box marked "No" to a similar question on the juror questionnaire.  Subsequently, during the first day of the Fidler hearing, when asked whether these answers were inaccurate, the juror stated that she "may have misunderstood" the questions and apologized for any incorrect answers.  During the second day of the Fidler hearing, after the juror was given the opportunity to consult with counsel, she clarified why she believed that her original answers were correct.

4

In denying the defendant's motion for a new trial, the judge found that although the juror provided inaccurate answers both during voir dire and on the juror questionnaire, her answers were "not indicative of any juror bias."  Rather, the judge credited the juror's testimony at the Fidler hearing "in full" and found,

> "[The juror] was candid and credible in explaining what this court finds to have been a misunderstanding of the scope and meaning of the questions . . . .  Put another way, she answered the question honestly based on her personal interpretation of the question.  I find her inaccuracy to have been unintentional and not indicative of any juror bias."

In other words, the judge found that the juror was not dishonest because she did not "knowingly g[i]ve an inaccurate answer" during voir dire or on the juror questionnaire.  Mitchell, 496 Mass. at 75.

Nevertheless, the defendant argues that the judge's credibility findings were clearly erroneous because, inter alia, when the juror was asked about her inaccurate answers during the first day of the Fidler hearing, she initially seemed to suggest she may have been wrong, but subsequently "changed her story" after consulting with counsel.  However, the judge noted this change in her findings, concluding that "[w]hile [the juror] may have initially questioned the accuracy of her answers on the first day of testimony, it was clear that, upon further

5

reflection, which was entirely appropriate, she reaffirmed in her mind" her original answers.

Ultimately, after careful review of the record, the judge's findings, and the defendant's arguments, we discern no reason to disturb the judge's assessment of the juror's credibility which, as noted, is entitled to "substantial deference."[4]  Mitchell, 496 Mass. at 76.  We also agree with the judge that the two-day Fidler hearing, along with the evidence admitted, was sufficient to assess juror bias, and "[a]ny further testimony by [the juror] would not add anything further."  See Commonwealth v. Goodreau, 442 Mass. 341, 348 (2004).  Accordingly, the judge did not abuse her discretion in denying the defendant's motion for a

---

[4] Because the judge found that the juror answered the questions honestly, her inquiry into the juror's impartiality under Amirault could have terminated.  See Mitchell, 496 Mass. at 75.  Nevertheless, the judge further concluded that the defendant failed to show, by a preponderance of the evidence, that the juror was not impartial.

new trial, including the request for a further evidentiary hearing.

Order denying motion for a
new trial affirmed.

By the Court (Rubin,
Desmond & Singh, JJ.[5]),

Clerk

Entered:  July 31, 2025.

---

[5] The panelists are listed in order of seniority.